**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| PAMELA HILL, an individual, | **:** | |
| | **:** | |
| Plaintiff, | **:** | Case No. 1:17-CV-00493-MRB |
| | **:** | |
| vs. | **:** | |
| | **:** | |
| DSW INC., | **:** | Electronically Filed |
| | **:** | |
| Defendant. | **:** | |
| | **:** | |

**DEFENDANT DSW INC.'S ANSWER AND DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant, DSW Inc. ("DSW"), by and through its counsel, Reed Smith LLP, files this

Answer and Affirmative Defenses ("Answer") to Plaintiff's Complaint for Injunctive Relief,

Civil Monetary Penalties and Other Equitable Relief ("Plaintiff's Complaint").

**ANSWER**

Each Paragraph of this Answer constitutes DSW's Answer to the same numbered

paragraph of Plaintiff's Complaint.  DSW denies each and every allegation of Plaintiff's

Complaint not specifically admitted in this Answer.

1.     Paragraph 1 of the Complaint contains conclusions of law to which no response is

required.  To the extent that a response may be required, DSW lacks knowledge or information

sufficient to respond to the allegations of Paragraph 1 of the Complaint and accordingly, denies

the allegations.

2.     Paragraph 2 of the Complaint contains conclusions of law to which no response is

required.  To the extent that a response may be required, DSW denies the allegations of

Paragraph 2 of the Complaint.

3.      Paragraph 3 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations contained in Paragraph 3, except DSW admits only that Plaintiff purports to bring this action as a Complaint for a permanent injunction relating to the website at www.dsw.com (the "Website"). DSW denies that Plaintiff is entitled to a permanent injunction or any damages, denies that it has violated the ADA, any regulations promulgated thereunder and/or California's Unruh Civil Rights Act (the "Unruh Act") and denies that Plaintiff is entitled to any relief whatsoever.

4.      Paragraph 4 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations contained in Paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations contained in Paragraph 5, except DSW admits only that Plaintiff purports to bring this action as a Complaint for a permanent injunction relating to the Website.  DSW denies that Plaintiff is entitled to a permanent injunction, denies that it has violated the ADA, any regulations promulgated thereunder and/or the Unruh Act, and denies that Plaintiff is entitled to any relief whatsoever.

6.      Paragraph 6 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW admits only that Plaintiff's Complaint purports to assert a claim under federal law.

7.      Paragraph 7 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW admits only that Plaintiff's Complaint purports to assert a claim under the Unruh Act.

8.      Paragraph 8 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW admits only that it has executive offices located at 810 DSW Drive, Columbus, Ohio 43219 and does business in the State of Ohio.

9.      Paragraph 9 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW admits only that it does business in the State of Ohio.

10.     Paragraph 10 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW lacks knowledge or information sufficient to respond to the allegations of Paragraph 10 of the Complaint and accordingly, denies the allegations.

11.     Paragraph 11 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW admits only that it has executive offices located at 810 DSW Drive, Columbus, Ohio 43219 and does business in the State of Ohio.

12.     In response to the allegations of Paragraph 12 of the Complaint, DSW admits that it is a leading branded footwear and accessories retailer offering a variety of goods and services to its customers, and denies Plaintiff's allegations to the extent that they are inconsistent with this response.

13.     Paragraph 13 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations contained in Paragraph 13 of the Complaint.

14.     DSW lacks knowledge or information sufficient to respond to the allegations contained in the second sentence of Paragraph 14 of the Complaint and accordingly, denies those allegations.  The remaining allegations of Paragraph 14 contain conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the remaining allegations of Paragraph 14 of the Complaint.

15.     In response to Paragraph 15, DSW is not required to answer argument and, on that basis, denies the allegations contained in Paragraph 15 of the Complaint.  By way of further response, DSW lacks knowledge or information sufficient to respond to the allegations of Paragraph 15 of the Complaint and accordingly, denies those allegations on those grounds, as well.

16.     In response to Paragraph 16, DSW is not required to answer argument and, on that basis, denies the allegations contained in Paragraph 16 of the Complaint.  By way of further response, DSW lacks knowledge or information sufficient to respond to the allegations of Paragraph 16 of the Complaint and accordingly, denies those allegations on those grounds, as well.

17.     In response to Paragraph 17, DSW is not required to answer argument and, on that basis, denies the allegations contained in Paragraph 17 of the Complaint.  By way of further response, DSW lacks knowledge or information sufficient to respond to the allegations of Paragraph 17 of the Complaint and accordingly, denies those allegations on those grounds, as well.

18.     In response to Paragraph 18, DSW is not required to answer argument and, on that basis, denies the allegations contained in Paragraph 18 of the Complaint.  By way of further response, DSW lacks knowledge or information sufficient to respond to the allegations of

Paragraph 18 of the Complaint and accordingly, denies those allegations on those grounds, as well.

19.     In response to Paragraph 19, DSW is not required to answer argument and, on that basis, denies the allegations contained in Paragraph 19 of the Complaint.  By way of further response, DSW lacks knowledge or information sufficient to respond to the allegations of Paragraph 19 of the Complaint and accordingly, denies those allegations on those grounds, as well.

20.     In response to Paragraph 20, DSW is not required to answer argument and, on that basis, denies the allegations contained in Paragraph 20 of the Complaint.  By way of further response, DSW lacks knowledge or information sufficient to respond to the allegations of Paragraph 20 of the Complaint and accordingly, denies those allegations on those grounds, as well.

21.     In response to Paragraph 21, DSW is not required to answer argument and, on that basis, denies the allegations contained in Paragraph 21 of the Complaint.  By way of further response, DSW lacks knowledge or information sufficient to respond to the allegations of Paragraph 21 of the Complaint and accordingly, denies those allegations on those grounds, as well.

22.     In response to Paragraph 22, DSW is not required to answer argument and, on that basis, denies the allegations contained in Paragraph 22 of the Complaint.  By way of further response, DSW lacks knowledge or information sufficient to respond to the allegations of Paragraph 22 of the Complaint and accordingly, denies those allegations on those grounds, as well.

23.     In response to Paragraph 23, DSW is not required to answer argument and, on that basis, denies the allegations contained in Paragraph 23 of the Complaint up until and including the second sentence of Paragraph 23.  By way of further response, DSW lacks knowledge or information sufficient to respond to those allegations of Paragraph 23 of the Complaint and accordingly, denies those allegations on those grounds, as well.  In addition, the allegations of the last sentence of Paragraph 23 refer to a document that speaks for itself and DSW denies the allegations of the last sentence of Paragraph 23 to the extent that they are inconsistent with that document.

24.     Paragraph 24 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations contained in Paragraph 24 of the Complaint.

25.     Paragraph 25 of the Complaint and each of its subparts contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations contained in Paragraph 25 of the Complaint and each of its subparts.

26.     Paragraph 26 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW admits that it offers a variety of goods and services to customers on the Website.

27.      Paragraph 27 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW admits that it offers a variety of goods and services to customers on the Website, and that the Website offers a "store locator" that provides the location of DSW's various brick and mortar stores.

28.     In response to the allegations of Paragraph 28 of the Complaint, DSW admits only that it offers a variety of goods and services to customers on the Website.  DSW denies that

Plaintiff is entitled to a permanent injunction or any damages, denies that it has violated the ADA, any regulations promulgated thereunder and/or the Unruh Act, and denies that Plaintiff is entitled to any relief whatsoever.

29.     Paragraph 29 of the Complaint contains conclusions of law to which no response is required.  To the extent a response may be required, DSW denies the allegations contained in Paragraph 29 of the Complaint.

30.     Paragraph 30 of the Complaint contains conclusions of law to which no response is required.  To the extent a response may be required, DSW denies the allegations contained in Paragraph 30 of the Complaint.

31.     DSW lacks knowledge or information sufficient to respond to the allegations of Paragraph 31 of the Complaint and accordingly, denies the allegations in Paragraph 31.

32.     DSW lacks knowledge or information sufficient to respond to the allegations of Paragraph 32 of the Complaint and accordingly, denies the allegations in Paragraph 32.

33.     DSW lacks knowledge or information sufficient to respond to the allegations of Paragraph 33 of the Complaint and accordingly, denies the allegations in Paragraph 33.

34.     Paragraph 34 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW lacks knowledge or information sufficient to respond to the allegations of Paragraph 34 of the Complaint and accordingly, denies the allegations.

35.     Paragraph 35 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW lacks knowledge or information sufficient to respond to the allegations of Paragraph 35 of the Complaint and accordingly, denies the allegations.

36.     Paragraph 36 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW lacks knowledge or information sufficient to respond to the allegations of Paragraph 36 of the Complaint and accordingly, denies the allegations.

37.     Paragraph 37 of the Complaint and each of its subparts contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations contained in Paragraph 37 of the Complaint and each of its subparts.

38.     Paragraph 38 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW lacks knowledge or information sufficient to respond to the allegations of Paragraph 38 of the Complaint and accordingly, denies the allegations.  DSW further denies that Plaintiff is entitled to a permanent injunction or any damages, denies that it has violated the ADA, any regulations promulgated thereunder and/or the Unruh Act, and denies that Plaintiff is entitled to any relief whatsoever.

39.     Paragraph 39 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations contained in Paragraph 39 of the Complaint.

40.     Paragraph 40 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations contained in Paragraph 40 of the Complaint.

41.     Paragraph 41 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations contained in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, DSW denies the allegations contained in Paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, DSW lacks knowledge or information sufficient to respond to the allegations of Paragraph 43 of the Complaint and accordingly, denies the allegations.

44. Paragraph 44 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, DSW lacks knowledge or information sufficient to respond to the allegations of Paragraph 44 of the Complaint and accordingly, denies the allegations.

45. Paragraph 45 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, DSW lacks knowledge or information sufficient to respond to the allegations of Paragraph 45 of the Complaint and accordingly, denies the allegations.

46. In response to the allegations contained in the first two sentences of Paragraph 46 of the Complaint, DSW is not required to answer argument and, on that basis, denies those allegations. By way of further response, DSW lacks knowledge or information sufficient to respond to the allegations contained in the first two sentences of Paragraph 46 of the Complaint and accordingly, denies those allegations on those grounds, as well. The allegations of the third and fourth sentences of Paragraph 46 (and all subparts) contain conclusions of law to which no response is required. To the extent that a response may be required, DSW denies the allegations contained in the third and fourth sentences of Paragraph 46 of the Complaint (and all subparts).

47.     Paragraph 47 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations contained in Paragraph 47 of the Complaint.

48.     Paragraph 48 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations in Paragraph 48 of the Complaint.  DSW further denies Plaintiff's characterization and quotation of the statute.

49.     Paragraph 49 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations contained in Paragraph 49.  DSW further denies that Plaintiff is entitled to a permanent injunction or any damages, denies that it has violated the ADA, any regulations promulgated thereunder and/or the Unruh Act, and denies that Plaintiff is entitled to any relief whatsoever.

50.     Paragraph 50 of the Complaint and each of its subparts contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations contained in Paragraph 50 and each of its subparts, except DSW admits only that Plaintiff purports to bring this action as a Complaint for a permanent injunction relating to the Website.  DSW denies that Plaintiff is entitled to a permanent injunction or any damages, denies that it has violated the ADA, any regulations promulgated thereunder and/or the Unruh Act, and denies that Plaintiff is entitled to any relief whatsoever.

51.     Paragraph 51 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW lacks knowledge or information sufficient to respond to the allegations of Paragraph 51 of the Complaint and accordingly, denies the allegations.

52.     Paragraph 52 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations contained in Paragraph 52 of the Complaint.

53.     Paragraph 53 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW lacks knowledge or information sufficient to respond to the allegations of Paragraph 53 of the Complaint and accordingly, denies the allegations.

54.     Paragraph 54 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response may be required, DSW incorporates herein by reference the responses from Paragraphs 1 through 53, inclusive, as if the same were set forth at length.

55.      Paragraph 55 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations in Paragraph 55 of the Complaint.  DSW further denies Plaintiff's characterization and quotation of the statute.

56.     Paragraph 56 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations in Paragraph 56 of the Complaint.  DSW further denies Plaintiff's characterization of the statute.

57.     Paragraph 57 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations in Paragraph 57 of the Complaint.  DSW further denies Plaintiff's characterization of the statute.

58.     Paragraph 58 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations in Paragraph 58 of the Complaint.  DSW further denies Plaintiff's characterization of the statute.

59.     Paragraph 59 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations in Paragraph 59 of the Complaint.  DSW further denies Plaintiff's characterization of the statute.

60.     Paragraph 60 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations in Paragraph 60 of the Complaint.  DSW further denies Plaintiff's characterization and quotation of the statute.

61.     Paragraph 61 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations contained in Paragraph 61 of the Complaint.

62.     Paragraph 62 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW lacks knowledge or information sufficient to respond to the allegations of Paragraph 62 of the Complaint and accordingly, denies the allegations.

63.     Paragraph 63 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations in Paragraph 63 of the Complaint.

64.     Paragraph 64 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations in Paragraph 64 of the Complaint.

65.     Paragraph 65 of the Complaint is a WHEREFORE clause (including all subparts) and constitutes a prayer for relief and therefore, no response is required.  To the extent that a response may be required, DSW denies the allegations contained in Paragraph 65 (including all subparts) and DSW respectfully requests that the Court enter judgment in its favor and against Plaintiff.

89.     Paragraph 89 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response may be required, DSW incorporates herein by reference the responses from Paragraphs 1 through 65, inclusive, as if the same were set forth at length.[1]

90.     Paragraph 90 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations in Paragraph 90 of the Complaint.  DSW further denies Plaintiff's characterization of the statute.

91.     Paragraph 91 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations in Paragraph 91 of the Complaint.  DSW further denies Plaintiff's characterization and quotation of the statute.

92.     Paragraph 92 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations in Paragraph 92 of the Complaint.

---

[1]     Plaintiff's Complaint does not contain any paragraphs numbered 66 through 88.  DSW's response is numbered accordingly.

93.     Paragraph 93 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations in Paragraph 93 of the Complaint.  DSW further denies Plaintiff's characterization of the statute.

94.     Paragraph 94 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations in Paragraph 94, and denies that Plaintiff is entitled to a permanent injunction, denies that it has violated the ADA, any regulations promulgated thereunder and/or the Unruh Act, and denies that Plaintiff is entitled to any relief whatsoever.

95.     Paragraph 95 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations in Paragraph 95, and denies that Plaintiff is entitled to a permanent injunction or any damages, denies that it has violated the ADA, any regulations promulgated thereunder and/or the Unruh Act, and denies that Plaintiff is entitled to any relief whatsoever.

96.     Paragraph 96 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DSW denies the allegations in Paragraph 96, and denies that Plaintiff is entitled to a permanent injunction or any damages or attorneys' fees or costs, denies that it has violated the ADA, any regulations promulgated thereunder and/or the Unruh Act, and denies that Plaintiff is entitled to any relief whatsoever.

The WHEREFORE clause (including all subparts) constitutes a prayer for relief and therefore, no response is required.  To the extent that a response may be required, DSW denies the allegations contained in the WHEREFORE clause (including all subparts), and DSW respectfully requests that the Court enter judgment in its favor and against Plaintiff.

**DEFENSES**

1.      Plaintiff's Complaint fails to state any claim upon which relief may be granted against DSW, including, but not limited to, to the extent that Plaintiff's Complaint seeks accommodations that exceed the requirements of the ADA and as set forth in the ADA Accessibility Guidelines, and to the extent that any accommodations already exist.

2.      Plaintiff is not entitled to any relief, including injunctive or declaratory relief or any attorney's fees, because DSW developed and adopted a reasonable, good faith website accessibility plan prior to the filing of Plaintiff's Complaint.

3.      DSW did not intentionally discriminate against Plaintiff due to any alleged disability or vision impairment.

4.      Plaintiff is not entitled to any relief because it is, and has been, DSW's policy to comply with the ADA, any related regulations or guidelines, and the Unruh Act.

5.      Plaintiff's claims are barred because DSW has complied with the ADA, any applicable regulations or guidelines, and the Unruh Act.

6.      To the extent that Plaintiff seeks to impose additional requirements for the accessibility of Websites under state law, Plaintiff's claims are precluded and/or preempted to the extent they conflict with the ADA.

7.      Plaintiff's claims and the relief she seeks constitute a violation of due process because, due to the lack of promulgated regulatory authority, Plaintiff seeks to subject DSW to vague, private standards that fail to give DSW proper legal notice of the exact regulations that purportedly govern its conduct under the ADA or the Unruh Act.

8.      Plaintiff's claims are barred, in whole or in part, because the requested relief imposes an undue burden or hardship pursuant to 42 U.S.C. § 12182(b)(2)(A)(iii), as Plaintiff

seeks to require DSW to modify the Website after alterations have already been voluntarily made so that the Website is accessible to and usable by individuals with disabilities, including individuals who are visually impaired.

9.      Plaintiff's claims are barred under the ripeness doctrine because the Department of Justice has not promulgated any regulations addressing website accessibility.

10.     Plaintiff's claims are barred under the primary jurisdiction doctrine because Plaintiff's claim requires the resolution of issues that have been placed within the special competence of the Department of Justice, which has not issued regulations addressing website accessibility.

11.     Plaintiff's claims are barred by the doctrine of separation of powers because Plaintiff cannot request that this Court bypass the Department of Justice's Congressionally-mandated rulemaking process by imposing a purely voluntary website accessibility standard—WCAG 2.0 Level AA—that lacks any legal or regulatory foundation, and because there is no evidence that Congress intended that such a legal standard should be applied.

12.     Plaintiff's claims are barred, in whole or in part, because the WCAG 2.0 Level AA guidelines are neither codified statutory nor regulatory authority and instead are a set of purely voluntary accessibility guidelines published by the Word Wide Web Consortium (also known as W3C), and the Website is not legally required to be compliant with the W3C's voluntary guidelines.

13.     Plaintiff's claims are barred because the Website is not a public accommodation as that term is defined by 42 U.S.C. § 12181(7) because it is not an actual physical place or structure.

16

14.     DSW has acted reasonably and in good faith at all times material to Plaintiff's Complaint based on all relevant facts, law and circumstances known by DSW at the time that DSW acted.

15.     Plaintiff's claims are barred because DSW has developed reasonable alternative accommodations for visually impaired individuals through, among other things, the implementation of telephonic assistance to provide customers with the availability to products and services.

16.     To the extent that Plaintiff requests modifications or accommodations that are not readily achievable, are impracticable or already exist, Plaintiff's claims are barred, in whole or in part, pursuant to 42 U.S.C. §§ 12181(9), 12182(b)(2)(A)(iv).

17.     To the extent that DSW is deemed to not be in compliance with the ADA or related regulations or guidelines, any such noncompliance was caused by third parties that are outside of the direct, day-to-day control of DSW.

18.     Depending on the time period challenged by Plaintiff's Complaint, Plaintiff's claims are, or may be, barred in whole or in part by the ADA and/or the Unruh Act's applicable statute of limitations and no such conduct can form the basis of any request for relief.

19.     Plaintiff has not incurred any actual damages or injury.  Her having suffered no concrete harm, this Court lacks Article III standing to hear this case.

20.     Plaintiff's claims are, in whole or in part, moot because the Website meets any legal or technical specifications of the ADA and therefore there is no valid case or controversy and the Court lacks subject matter jurisdiction.

21.     Plaintiff's claims are barred, in whole or in part, to the extent that the claims, remedy or relief requested is not authorized or required by the ADA.

22.     Any modifications and/or barrier removals Plaintiff has demanded are subject to the defense of "fundamental alteration" under 42 U.S.C. §§ 12182(b)(2)(A)(ii), (b)(2)(A)(iii).

23.     Plaintiff's claims are barred because DSW provided equivalent facilitation with regard to the alleged barriers set forth in Plaintiff's Complaint.

24.     Plaintiff's claims for injunctive and other equitable relief are barred because she will not suffer any irreparable injury if injunctive or other equitable relief is denied.

25.     Plaintiff's claims for injunctive relief and other equitable relief are barred because they will cause DSW significant harm in the nature of undue burden and hardship that outweighs any purported benefit of the Court bypassing the Department of Justice's Congressionally-mandated rulemaking process by imposing a purely voluntary website accessibility standard.

26.     Plaintiff's claims for attorneys' fees, costs, and litigation expenses are barred, in whole or in part, by mootness and/or lack of subject matter jurisdiction to the extent that the Website is accessible to individuals with disabilities, including individuals who are blind or visually impaired, or will become accessible to those individuals during the pendency of this litigation and prior to the Court granting Plaintiff any relief.

27.     Plaintiff's claims for attorneys' fees, costs, and litigation expenses are barred, in whole or in part, by DSW's good faith efforts to accommodate individuals with disabilities, including individuals who are visually impaired.

28.     DSW hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent through pre-trial proceedings in this case and hereby reserves all rights to assert such defenses.

WHEREFORE, Defendant DSW respectfully requests that the Court enter judgment in its favor and against Plaintiff, dismiss Plaintiff's Complaint with prejudice, and award such further and other relief as the Court may deem just and proper.

Respectfully submitted,

By:    /s/ James M. Doerfler
      James M. Doerfler (OH #59350)

**REED SMITH LLP**
225 Fifth Avenue, Suite 1200
Pittsburgh, PA  15222
Telephone: (412) 288-3280
Facsimile: (412) 288-3063
Email:  jdoerfler@reedsmith.com

*Counsel for DSW Inc.*

Dated:  September 18, 2017

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2017, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing to

counsel or parties of record electronically by CM/ECF.

_/s/ James M. Doerfler_____
James M. Doerfler (OH #59350)